10-1204-cv (L)
Securities and Exchange Commission v. Rosenthal

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 9th day of June, two thousand eleven.

Present:  ROBERT D. SACK,
          ROBERT A. KATZMANN,
          DENNY CHIN,
                    *Circuit Judges.*

_____

SECURITIES AND EXCHANGE COMMISSION,

          *Plaintiff-Appellee,*

          - v -                         Nos. 10-1204-cv (L); 10-1253 (con)

ZVI ROSENTHAL, AMIR ROSENTHAL, AYAL ROSENTHAL, OREN ROSENTHAL, EFRAT ROSENTHAL, RIVKA ROSENTHAL,

          *Defendants-Appellants*,

ARAGON CAPITAL MANAGEMENT, LLC, ARAGON PARTNERS, LP, NOGA DELSHAD,

          *Defendants.*

_____

For Plaintiff-Appellee:         TRACEY A. HARDIN, Senior Counsel (David M. Becker, General Counsel; Mark D. Cahn, Deputy General Counsel; Jacob H. Stillman, Solicitor; Randall W. Quinn, Assistant General Counsel, *on the brief*), Securities & Exchange Commission, Washington, D.C.

For Defendants-Appellants Zvi,
Amir, and Ayal Rosenthal:

AMIR ROSENTHAL, *pro se* (Zvi Rosenthal, Otisville, N.Y., Ayal Rosenthal, Tel Aviv-Yafo, Israel, *on the brief*), New York, N.Y.

For Defendants-Appellants Oren, Efrat, and Rivka Rosenthal:

ROBERT KNUTS, Park & Jensen LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Maas, *Mag. J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part.

Defendants-Appellants appeal from the judgment of the United States District Court for the Southern District of New York (Maas, *Mag. J.*), entered on February 1, 2010, granting partial summary judgment to Plaintiff-Appellee Securities and Exchange Commission ("SEC"), ordering disgorgement, granting injunctive relief against Defendants-Appellants Zvi and Amir Rosenthal, and imposing penalties on Defendants-Appellants Zvi, Amir, and Ayal Rosenthal. On appeal, Defendants-Appellants Oren, Efrat, and Rivka Rosenthal (collectively, "relief defendants") challenge the district court's order of disgorgement against them and use of the Internal Revenue Service's ("IRS") underpayment rate to calculate prejudgment interest.[1] Zvi and Amir Rosenthal challenge the district court's imposition of penalties under section 21A of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-1.[2] We assume the

---

[1] Ayal Rosenthal joins in the arguments of the relief defendants with respect to the disgorgement that was ordered against him due to the Aragon disbursement, in connection with which he was not alleged to have committed any wrongdoing.

[2] In an accompanying opinion, we address the argument of Amir and Ayal Rosenthal that the district court erred in imposing penalties pursuant to section 21(d)(3) of the Exchange Act,

2

parties' familiarity with the facts and procedural history of the case.

"The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged," and we accordingly review a disgorgement order for abuse of discretion. *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474-75 (2d Cir. 1996). Disgorgement may be ordered "against a person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds." *SEC v. Cavanagh*, 155 F.3d 129, 136 (2d Cir. 1998).

With respect to the first prong of the *Cavanagh* test, the relief defendants contend that although their limited partnership, Aragon Partners LP ("Aragon"), admittedly received $962,905.58 in illicit insider trading profits in 2004, these profits cannot be traced to the distributions that they received in May 2006. They emphasize that Aragon held more than $1.5 million in legitimately obtained assets prior to the illicit trades in 2004, and that it continued to make legitimate trades, both profitably and unprofitably, after that period of illicit trading. However, it is undisputed that the ill-gotten gains of the insider trading were commingled in the Aragon account. The SEC is not required to trace specific funds to their ultimate recipients in such a situation. *Cf. SEC v. Banner Fund Int'l*, 211 F.3d 602, 617 (D.C. Cir. 2000) (reasoning that "disgorgement is an equitable obligation to return a sum equal to the amount wrongfully obtained, rather than a requirement to replevy a specific asset"). Imposing such a tracing requirement would allow an insider trading defendant to escape disgorgement by spending down illicit gains while protecting legitimately obtained assets or, as was the case here, by

_____

15 U.S.C. § 78u(d)(3).

commingling and transferring such profits. Because the balance in the account after the distributions was less than the amount of illicit profits, the distributions must necessarily have contained funds subject to disgorgement. Denying disgorgement in such a situation because of the SEC's inability to trace the funds would be inconsistent with disgorgement's purpose "to prevent unjust enrichment." *Id.*

We therefore turn to the second *Cavanagh* prong. While the Second Circuit "ha[s] not developed explicit guidelines for what qualifies as a 'legitimate claim,' we have held that the receipt of property as a gift, without the payment of consideration, does not create a 'legitimate claim' sufficient to immunize the property from disgorgement." *Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 226 (2d Cir. 2010). The relief defendants contend that they have a legitimate claim to the funds that were disbursed to them by virtue of their status as limited partners in Aragon. However, we note first that, for the reasons previously discussed, this status cannot give the limited partners a legitimate claim to ill-gotten profits that were commingled in the partnership's account. Moreover, the relief defendants lack a legitimate claim to the distributions under the law of Delaware, the state in which Aragon was formed. Because the post-distribution balance in Aragon's account was less than the amount of the illicit profits that are subject to disgorgement, the distributions violated Delaware law's prohibition on such a payout where, "after giving effect to the distribution, all liabilities of the limited partnership . . . exceed the fair value of the [remaining] assets of the limited partnership." Del. Code Ann. tit. 6, § 17-607(a). Accordingly, the district court did not err in ordering

4

disgorgement from them.[3]

The relief defendants next challenge the use of the IRS underpayment rate, instead of the lower short-term interest rates published by the Federal Reserve, to calculate prejudgment interest on the money that they were ordered to disgorge. We review an award of prejudgment interest for abuse of discretion. *First Jersey*, 101 F.3d at 1476. We note first that the relief defendants did not raise this objection until after the district court made its initial ruling, and accordingly the district court correctly found that this argument had been waived. Nonetheless, this argument also fails on the merits. We have previously approved as within the district court's discretion the use of the IRS underpayment rate to calculate prejudgment interest on disgorgement, *see id.* at 1476-77, and we accordingly find no abuse of discretion in its use here.

We therefore turn to Zvi and Amir's contention that the district court erred in imposing civil penalties on them under section 21A of the Exchange Act. The district court's imposition of civil penalties is also reviewed for abuse of discretion. *SEC v. DiBella*, 587 F.3d 553, 572 (2d Cir. 2009). Here, the district court properly considered factors including "(1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition." *SEC v. Aragon Capital Mgmt., LLC*, 672 F. Supp. 2d 421, 447 (S.D.N.Y. 2009) (quoting *SEC v. Haligiannis*, 470 F. Supp. 2d 373, 386 (S.D.N.Y. 2007)) (internal quotation mark omitted). We

---

[3] We note that the district court relied on New York and New Jersey law in this respect rather than Delaware law. The result, however, is the same.

conclude that, notwithstanding Zvi and Amir's claims of financial hardship, the district court did

not abuse its discretion in finding that the defendants' repeated and knowing violations of the

securities laws warranted a civil penalty equal to two times the illegal profits generated from

their violations — a penalty that we note is less than the statutory maximum sought by the SEC.

*See* 15 U.S.C. § 78u-1(a)(2).

Zvi and Amir also contend that these penalties violate the Eighth Amendment's

prohibition on excessive fines, a challenge that we review *de novo*.  *United States v. Bajakajian*,

524 U.S. 321, 336-37 & n.10 (1998).  Because they raise this challenge for the first time on

appeal, it has been waived.  *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir.

2008) (per curiam).  In any event, because the factors for "proportionality" under the Eighth

Amendment are substantially similar to those that the district court considered when it properly

imposed the penalties, we find no constitutional violation.  *See United States v. Sabhnani*, 599

F.3d 215, 262 (2d Cir. 2010) (citing *von Hofe v. United States*, 492 F.3d 175, 186 (2d Cir.

2007)).

We have considered the defendants-appellants' remaining arguments and find them to be

without merit.  Accordingly, for the foregoing reasons and the reasons stated in the

accompanying opinion, the judgment of the district court is **AFFIRMED** in part and

**VACATED** in part.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
