15-2887-cv, 15-2967-cv, 16-2694-cv
*U.S. Securities and Exchange Comm'n v. Thomas C. Conradt*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of August, two thousand seventeen.

PRESENT:  JOHN M. WALKER, JR.,
          JOSÉ A. CABRANES,
          REENA RAGGI,
                    *Circuit Judges.*

---

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION,

                    *Plaintiff-Appellee,*                    15-2887-cv, 15-2967-cv, 16-2694-cv[*]

          v.

THOMAS C. CONRADT,

                    *Defendant-Appellant,*

DAVID J. WEISHAUS, TRENT MARTIN,

                    *Defendants.*[†]

---

[*] 15-2887 was closed by stipulation in 2016.

[†] The Clerk of the Court is directed to amend the caption as set forth above.

1

FOR PLAINTIFF-APPELLEE:                    DAVID D. LISITZA (Michael A. Conley,
                                            Jacob R. Loshin, *on the brief*) for Acting
                                            General Counsel of the United States
                                            Securities and Exchange Commission
                                            Sanket J. Bulsara, Washington, DC.


FOR DEFENDANT-APPELLANT:                    JUSTIN D. SANTAGATA, Kaufman,
                                            Semeraro, & Leibman, LLP, Fort Lee, NJ.


Appeal from the judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Thomas C. Conradt appeals the July 23, 2015 amended order and June 16, 2016 judgment of the district court, denying his motion to vacate his consent judgment under Federal Rule of Civil Procedure 60(b) and ordering a civil penalty of $980,229.[1] On appeal, Conradt argues that the district court: (1) erred in denying his Rule 60(b) motion to vacate his consent judgment in light of the district court's decision to vacate his guilty plea in a parallel criminal proceeding; (2) erred in holding that Conradt breached his settlement by not cooperating fully and truthfully and thus did not merit a reduction in his penalty for cooperation; and (3) erred in imposing a civil penalty of $980,229. For the reasons set forth in the district court's orders and opinion, we find these claims to be without merit. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## A.

First, we review a district court's decision to deny vacatur under Rule 60(b) for abuse of discretion. *See United States v. Bank of New York*, 14 F.3d 756, 758 (2d Cir. 1994); *accord Agostini v. Felton*, 521 U.S. 203, 238 (1997). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").[2]

---

[1] Conradt's two appeals were eventually consolidated.

[2] Conradt also argues that the district court's interpretation of Rule 60(b)(5)'s "based on" clause, and whether *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014) changed our law for insider trading cases are subject to *de novo* review. Under either standard, we find no error.

Conradt argues that the civil consent judgment at issue here was "based on" his now-vacated guilty plea in the parallel criminal proceeding. Def. Br. 3-4. He asserts that applying the consent judgment is no longer equitable under Rule 60(b) because the law on which it were based has changed due to *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), *abrogated by Salman v. United States,* 137 S.Ct. 420 (2016) (concerning insider trading). Under our precedents and the express terms of his agreement, Conradt's consent judgment was solely "based on" his consent—not on any collateral estoppel effect of his guilty plea in the parallel criminal matter. *See United States v. Bank of New York,* 14 F.3d at 760. As the district court explained, Conradt, "with the advice and assistance of counsel, entered into [this] agreement[ ] voluntarily, in order to secure the benefits thereof, including finality. While [Conradt's] decisions in the criminal proceeding may have influenced [his] strategy in the civil proceeding, the two proceedings were entirely separate actions." Joint App'x ("JA") 7 (internal citation omitted). Accordingly, we hold that the district court was within its discretion to deny vacatur absent the "exceptional circumstances" required to grant relief under Rule 60(b). *United States v. Int'l Bhd. of Teamsters,* 247 F.3d 370, 391 (2d Cir. 2001).

**B.**

Second, we review a district court's interpretation of the terms of a cooperation agreement *de novo* and "related findings of fact" applying those terms "for clear error." *United States v. Roe*, 445 F.3d 202, 206 (2d Cir. 2006); *see also Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997). Where a district court makes credibility findings, we are "[m]indful of the district court's significant advantage in seeing the witnesses testify." *United States v. Messina*, 806 F.3d 55, 64 (2d Cir. 2015).

Conradt argues that he did not materially breach his cooperation agreement. Any alleged discrepancies between his trial testimony in February 2016 and deposition on July 17, 2015, he contends, resulted from the SEC's failure to prepare him as a witness. He submits that he made several requests to the SEC for witness preparation in advance of the trial. *See* Def. Br. 14; JA 946-47, 949, 951. Conradt also asserts that any alleged discrepancies in his testimony were inconsequential because a jury ultimately held his co-conspirators liable for insider trading.

We find these arguments to be without merit. Upon review of the record, we agree with the district court that Conradt's testimony materially varied from his deposition in contravention of the truth. At several points in his testimony, Conradt stated "I don't recall offhand" when asked about episodes that he had clearly recounted at his deposition. Trial Transcript ("Tr.") 256:15-18; *see also* Tr. 237:19-238:12 ("[I]t['s] been very, very confusing for me to peg down exactly what was said in each conversation to each person . . . ."); *accord In re Bongiorno*, 694 F.2d 917, 922 (2d Cir. 1982) ("[T]he false assertion of an inability to remember" is not consistent with full and truthful cooperation.). Since Conradt materially changed his testimony without justification, we hold that the

3

district court properly determined that Conradt was not entitled to reap the benefits of the cooperation agreement.

### C.

Finally, we turn to whether the district court erred by imposing a penalty of $980,229 against Conradt. Section 21A of the Securities Exchange Act of 1934 states that the amount of the penalty "shall not exceed three times the profit gained or loss avoided as a result of such unlawful purchase, sale, or communication." 15 U.S.C. § 78u-1(a)(2). In this case, the district court was allowed to impose a penalty of up to $2,940,687. Our precedents instruct the district court to determine "[t]he amount of the penalty . . . in light of the facts and circumstances." 15 U.S.C. § 78u-1(a)(2); *see also SEC v. Rosenthal*, 426 F. App'x. 1, 4 (2d Cir. 2011). However, "the actual amount of the penalty [is] left up to the discretion of the district court." *SEC v. Kern*, 425 F.3d 143, 153-54 (2d Cir. 2005). While the district court imposed a substantial penalty, the amount was clearly within the range of permissible outcomes. Accordingly, we conclude that the district court did not err by ordering a penalty of $980,229 for Conradt's unlawful insider trading activity after it had determined he breached his cooperation agreement.

### CONCLUSION

We have considered all of Conradt's claims on appeal and found them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4